# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| AMY J. HUNTER,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | No. C 06-3056-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

_____

      This action for judicial review of an administrative decision of the Commissioner of Social Security denying the plaintiff's claim for Title XVI supplemental security income benefits comes before the court pursuant to the June 5, 2007, Report and Recommendation (docket no. 13) by Chief United States Magistrate Judge Paul A. Zoss. In that Report and Recommendation, Judge Zoss concluded that the Commissioner's decision should be reversed and this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits. Neither party filed any objections to the Report and Recommendation. Unfortunately, owing to an oversight, the court did not make a timely review of the Report and Recommendation. The court will remedy that oversight now.

      The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

In this case, no party made any timely objections to the June 5, 2007, Report and Recommendation, and the deadline for any such objections is now long expired. Therefore, the court will apply only "plain error" review. *Id.* The court finds no "plain error" in Judge Zoss's conclusions that the Commissioner's decisions in this matter should be reversed and this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

THEREFORE, the June 5, 2007, Report and Recommendation (docket no. 13) by Chief United States Magistrate Judge Paul A. Zoss is **accepted**. Consequently, **the Commissioner's decision in this matter is reversed**, and this matter is **remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.**

Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2007.

                                                MARK W. BENNETT
                                                U. S. DISTRICT COURT JUDGE
                                                NORTHERN DISTRICT OF IOWA